### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLORADO
### Judge Robert E. Blackburn

Date:                April 13, 2011

Courtroom Deputy:    Nel Steffens
Court Reporter:      Suzanne Claar
Interpreter:         Marcela Salazar
Probation Officer:   Jeanette Woll

**Criminal Action No.  08-cr-00287-REB**

*Parties:*                            *Counsel:*

UNITED STATES OF AMERICA,             James Boma

    Plaintiff,

v.

4.  GABRIEL HOGUIN-FIERO,             Stanley Marks
    a/k/a "Ese,"

    Defendant.

### SENTENCING MINUTES

**11:03 a.m.    Court in session.**

Appearances of counsel.

Defendant is present in custody.

Interpreter is sworn; parties stipulate as to interpreter's qualifications.

Court's opening remarks.

Pursuant to 18 U.S.C. § 3552 and Fed.R.Crim.P. 32, the Probation Department has conducted a presentence investigation and has filed a presentence report and addendum.

Counsel for the government confirms that counsel has read the presentence report and addendum.

Counsel for the defendant informs the Court that counsel has read and discussed the presentence report and addendum with the defendant.

Defendant's counsel makes a statement on behalf of the defendant, offers information in mitigation of punishment, comments on the probation officer's sentencing guideline applications and calculations, and comments on matters relating to the appropriate sentence.

Defendant is sworn.

Statement by the defendant.

Statement by counsel for the government.

The Court makes a sentencing statement pursuant to 18 U.S.C. § 3553(c) and enters findings of fact, conclusions of law, judgments of conviction, sentences, and orders.

> **IT IS ORDERED** as follows:
>
> 1. That the plea agreement of the parties as presented in Court's Exhibits 1, 1a, 2, and 2a is formally approved;
>
> 2. That the pending motions are resolved as follows:
>
>    - the **Government's Motion for Defendant To Receive the Third Level for Acceptance of Responsibility Under U.S.S.G. § 3E1.1(b)** [#647] filed March 9, 2011, is **GRANTED**;
>
>    - the **Government's Motion for Sentencing Reduction Under the Provisions of § 5K1.1, U.S. Sentencing Guidelines, and Title 18, United States Code, Section 3553(e)** [#648] filed March 9, 2011, is **GRANTED**;
>
> 3. That judgment of conviction under Fed.R.Crim.P. 32(k) is entered on Counts One, Two, and Four of the Superseding Indictment;
>
> 4. That pursuant to the Sentencing Reform Act of 1984, it is the judgment and sentence of this court that the defendant is committed to the custody of the Bureau of Prisons to be imprisoned for a term of **forty-six (46) months** on each of Counts One, Two, and Four, which terms shall be served concurrently;

5. That on release from imprisonment, the defendant shall be placed on supervised release for a term of **five (5) years** on each of Counts One, Two, and Four, which terms shall be served concurrently; provided furthermore, that within 72 hours of defendant's release from imprisonment and the custody of the Bureau of Prisons, the defendant shall report in person to the U.S. probation department within the district to which he is released;

6. That while on supervised release, the defendant shall comply with the following conditions of supervised release:

    - all mandatory conditions of supervised release, prescribed by law at 18 U.S.C. § 3583(d) and USSG §5D1.3(a);

    - all standard conditions of supervised release approved and imposed by this court in all such cases and circumstances; and

    - the following explicit or special conditions of supervised release:

        - that the defendant shall not violate any federal, state, or municipal statute, regulation, or ordinance in any jurisdiction or place where defendant may be during the term of supervised release;

        - that the defendant shall not possess or use illegally controlled substances;

        - that the defendant shall not possess or use any firearm or destructive device as defined under federal law at 18 U.S.C. § 921;

        - that the defendant shall cooperate in the collection of a sample of defendant's DNA;

        - that if the defendant is removed from this country, then defendant shall not re-enter without the lawful approval and authority of the Secretary of the Department of Homeland Security;

        - that if the defendant is removed from and then granted permission to lawfully return to this country, defendant shall report to the nearest United States Probation Department within 72 hours of defendant's lawful return to this country;

7. That no fine is imposed;

8. That the defendant shall pay forthwith a special victim's fund assessment fee of $100.00 for each count of conviction for a total of $300.00;

9. That the mandatory drug-testing provisions of 18 U.S.C.. § 3583(d) are waived;

10. That as provided by the Plea Agreement of the parties, which has been approved by the court, and pursuant to the provisions of Fed.R.Crim.P 32.2(b)(3), and the applicable federal statutory scheme, an order and judgment of forfeiture shall be entered;

11. That presentence confinement credit shall be determined by the Bureau of Prisons under 18 U.S.C. § 3585; and

12. That the defendant is remanded to the custody of the United States Marshal.

The Defendant is advised of the right to appeal the sentences imposed by the Court.

**11:33 a.m.   Court in recess.**

Total time in court:   00:30

Hearing concluded.